# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **CHERYL RODGERS** | **CASE NO. 3:19-CV-00253** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SONNY PERDUE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is a Motion to Dismiss [Doc. No. 16] filed by Defendants Sonny Perdue, Secretary of the United States Department of Agriculture; Clarence Hawkins ("Hawkins"); and Vernell Wilson-Williams ("Wilson-Williams"), pursuant to Federal Rule of Civil Procedure 12 (b)(6). Defendants move to dismiss the claims of Plaintiff Cheryl Rodgers ("Rodgers") against Hawkins and Wilson-Williams because they are not proper Defendants. Additionally, Defendants move to dismiss Rodgers' claims for age and race discrimination and retaliation because she failed to allege facts that would show she suffered any adverse employment action on the basis of these improper considerations.

## I.    FACTS AND PROCEDURAL HISTORY

This suit arises from Rodgers' claim that the United States Department of Agriculture ("USDA") did not select her for promotion to Supervisory Loan Specialist (Gen) (Area Director), GS-1165-12/13 with the Rural Development office in Monroe, Louisiana, because of her age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and her race (White), in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

According to her Complaint, Rodgers was a loan specialist at the USDA Rural Development office in Monroe. [Doc. No. 1, ¶ 13]. She has since retired. *Id.*

In June 2015, Rodgers applied for the Supervisory Loan Specialist (Gen) GS-1165-12/13 ("Area Director") position (vacancy no. LA-2015-179). *Id.* at ¶ 5. At the time of her application, Rodgers had 33 years of experience and was placed on the "best qualified list" and granted an interview. *Id.* at ¶ 8. A second interview was held with Rodgers, but she was not selected for the position. *Id.* Instead, a younger African-American woman was chosen, Wilson-Williams. *Id.* at ¶ 24. Rodgers claims that she was more qualified than the selectee, but did not receive the promotion because of her age and race.[1] *Id.* at ¶¶ 26-27, 29.

According to Rodgers, the USDA failed to hire according to its own policies and procedures when Wilson-Williams was selected, and this specific failure ostensibly constitutes discrimination against Rodgers based on age and race. *Id.* at ¶17.

Nowhere in Rodgers' twenty-two (22) page complaint does she list her own age or the age of the selectee, Wilson-Williams. However, the relevant ROI ("Record of Investigation") which Rodgers routinely references in her complaint identifies her date of birth as November 16, 1961, and Wilson-Williams's date of birth as December 6, 1965, a difference of only four (4) years with both individuals being over 40 years old.

For her claim of retaliation, Rodgers' Complaint makes conclusory references to "reprisal" in paragraphs 13, 18, and the Prayer for Relief. However, she mentions only a single event, the issuance of a letter of warning on June 22, 2016, and alleges this event should constitute reprisal *Id.* at ¶¶ 37, 42, 45. Absent from the Complaint is any specific date that would indicate the beginning of the protected activities for which Rodgers alleges retaliation. However, according

---

[1] Two additional persons, Bruce Norwood and Steven Brister, make similar allegations of discrimination based on their non-selection for the same position in two additional, separate lawsuits. *See Bruce Norwood v. Sonny Perdue, et al.*, 19-00256 (W.D. LA. February 27, 2019); *Steven Brister v. Sonny Perdue, et al.*, 19-00258 (W.D. LA. February 27, 2019). The Court granted Defendants' motion to dismiss Norwood's Complaint, and Defendants' motion to dismiss Brister's claims is pending.

to the frequently referenced ROI, the earliest EEOC contact was August 26, 2015, when Rodgers called the EEOC office to initiate a complaint. This call took place after the alleged adverse action. (i.e., notice of non-selection in July 2015).

On February 27, 2019, Rodgers filed a Complaint in this Court.

On July 9, 2019, a Notice of Intent to Dismiss issued for failure to effect service within ninety (90) days. When that failure was not remedied, on August 7, 2019, the lawsuit was dismissed.

On September 6, 2019, within thirty (30) days, Rodgers moved to re-open the case. That motion was granted. [Doc. No. 7].

On January 21, 2020, Defendants filed the instant motion. Any opposition to the motion was due no later than February 12, 2020. No opposition was filed.

## II. LAW AND ANALYSIS

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Taylor v. Books A Million*, 296 F.3d 37 6, 378 (5th Cir. 2002) (citation omitted). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez*, 577 F.3d at 603 (quoting Iqbal, 556 U.S. at 678, (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It

follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id*.

### B. Claims Against Hawkins and Wilson-Williams

Title VII prohibits an "employer" from discriminating against "any individual ... because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e–2(a). "As Title VII prohibits discrimination in the employment context, *see* 42 U.S.C. §§ 2000e–2(a), 2000e–5, generally only employers may be liable under Title VII." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 462 (5th Cir.2001)). "Under Title VII . . . the proper defendant is 'the head of the department, agency, or unit, as appropriate'" in claims against a federal agency. *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (quoting 42 U.S.C. § 2000e–16(c)); 29 U.S.C. § 794a(a)(1) (adopts Title VII procedures).

Under the ADEA, it is "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA likewise authorizes suits against employers for age discrimination. *See* 29 U.S.C. § 623(a). Although the ADEA does not specifically identify who must be named as proper party defendant, "[t]he Supreme Court has . . . held that the ADEA is to be construed in accordance with Title VII [of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., prohibiting other forms of employment discrimination]. *See Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988). Thus, the appropriate defendant to be sued under the ADEA is the same person as under Title VII. *See Ellis v. United States Postal Service*, 784 F.2d 835, 838 (7th Cir.1986) (finding that although the ADEA does not specify that the head of the agency be named as the proper defendant in an

age discrimination case against a federal agency employer, it should be construed consistently with Title VII, and, therefore, the only proper party defendant is the head of the agency).

Additionally, Fifth Circuit precedent is clear that individuals are not liable under Title VII or the ADEA. *See Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees,* 709 Fed. App'x. 243, 247 (5th Cir. 2017) (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001)) (citation omitted).

The head of the USDA is the Secretary of Agriculture. Rodgers has failed to state factual allegations or cite this Court to any law which would allow claims to be asserted against individual Defendants Hawkins and Wilson-Williams, which include retaliation claims, whether asserted under Title VII or the ADEA. Therefore, Rodgers has failed to state a claim against these individual Defendants, and they must be dismissed.

### C. Rodgers' Race Discrimination Allegations

Rodgers claims that she was not selected for the position of Area Director because the USDA failed to hire according to its own policies and procedures. ECF Doc. 1 ¶¶ 18, 29. She baldly alleges that this failure amounts to "a pretext to hide the defendants' discriminatory animus." *Id.* at ¶ 46. In support of this ultimate legal conclusion, Rodgers makes only fleeting and cryptic references to her race and the race of the selectee that fail to raise her right to relief beyond the speculative level.

Rodgers only speculates as to the existence of racial animus in her non-selection. First, she queries: "... [w]hy should there be such an issue made with regard to [Plaintiff], a white female, so far as to issuing a letter of warning to her when no such action was taken against Vernell Wilson-Williams, a black female?" *Id.* at ¶ 38. Then she points to the fact that Hawkins and Wilson-Williams are the same race.

To state a plausible claim for unlawful discrimination, a plaintiff must "plead

5

sufficient facts on all of the ultimate elements of a disparate treatment claim." *Chim v. Univ. of Texas*, 836 F.3d 467, 470 (5th Cir. 2016). At the pleading stage, a plaintiff is not required to "make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss. *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Nevertheless, the plaintiff's complaint still must plausibly address "the ultimate question in a Title VII disparate treatment claim," that is, "whether a defendant took the adverse employment action against a plaintiff because of her protected status." *Raj,* 714 F.3d at 331.

Here, the Complaint includes no factual allegations that could support Rodgers' bare assertions of discriminatory motivation. Simple speculation of discriminatory animus falls short of establishing a viable claim under VII. *See English v. Purdue*, 777 F. App'x 94, 100 (5th Cir. 2019) ("That another employee was treated better and given more opportunities does not become actionable under federal law just because she was female or because she was younger. More is needed to raise [plaintiff's] claims above a speculative level"). Accordingly, Defendants are entitled to dismissal of Rodgers' race discrimination claims.

### D. Rodgers' Age Discrimination Allegations

When a plaintiff alleges age discrimination, "liability depends on whether the protected trait actually motivated the employer's decision." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000). That is, the individual's age must have "actually played a role in [the employer's decision making] process and had a determinative influence on the outcome." *Id.* Therefore, by a preponderance of the evidence, the plaintiff must prove that age was the "but-for" cause of the challenged adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009).

A plaintiff may prove her case by direct or circumstantial evidence. *Reeves*, 530 U.S. at 141. Evidence is direct when it "proves the fact of discriminatory animus without inference or

presumption." *Terry v. Promise Hosp. of Ascension, Inc.*, CIV.A. No. 13–128–SDD, 2014 WL 4161581, at *5 (M.D. La. Aug. 19, 2014). Evidence is circumstantial when an inference is required for the evidence to tend to prove discriminatory animus. *Id.*

If a plaintiff lacks direct evidence, court employ the burden-shifting framework of *McDonnell–Douglas*. *Reeves*, 530 U.S. at 142–43. At the first step of that framework, a plaintiff must establish a prima facie case of discrimination by showing that: (1) he was over 40 years of age; (2) qualified for the position; (3) not promoted; and (4) the position was filled by someone younger. *Leal v. McHugh*, 731 F.3d 405, 410-11 (5th Cir. 2013). When the selectee is also in the age-protected class, the analysis becomes a comparator of the age between the age-protected applicants. Specifically, a comparator need not be outside the protected group, under age 40, but must be substantially younger than the complainant. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 at 311 (1996).

In this case, the Complaint includes no factual allegations that could support Rodgers' conclusory assertions of discriminatory motivation. Rodgers claims the USDA failed to hire according to its own policies and procedures, but, even if true, such claims do not constitute age discrimination on their face. Unlike her race claim, Rodgers fails to mention both her age and the age of the selectee.

As previously stated said dates of birth gleaned from the ROI indicate an age difference of only four (4) years between the two candidate. Even at this stage of the litigation, such factual allegations fail to rise above the speculative level. *See Bauer v. Albemarle Corp.,* 169 F.3d 962, 967 (5th Cir.1999) ("[A]n employee's subjective belief of discrimination alone is not sufficient to warrant judicial relief."). Accordingly, Defendants are entitled to dismissal of Rodgers' age discrimination claims.

### E. Rodgers' Retaliation Allegations

Finally, Rodgers alleges that "the defendants' conduct as alleged above constitutes retaliation against Plaintiff because she engaged in activities protected by Title VII and the ADEA." [Doc. No. 1, ¶ 48]. The Complaint does not fully explain the defendants' "conduct," other than a reference to a letter of warning ("Letter") issued to Rodgers on June 22, 2016. *Id.* at ¶¶ 35-42. The Letter was apparently issued to Rodgers allegedly due to her "disrespectful and unprofessional behavior." *Id.* at ¶ 35. The Letter, in addition to itself being an alleged adverse employment action, referenced events which Rodgers disputes. According to Rodgers, the events disputed in the Letter are adverse employment actions. Rodgers makes no allegations to suggest that Defendants' failure to select or promote her to the Area Supervisor position was itself retaliatory.

"To state a claim for retaliation in violation of Title VII, a plaintiff must allege that (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *Leal v. McHugh*, 731 F.3d 405, 416-17 (5th Cir. 2013). "To constitute prohibited retaliation, an employment action must be 'materially adverse,' one that would 'dissuade[] a reasonable worker from making or supporting a charge of discrimination.'" *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009) (quoting *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 68 (2006) "Material adversity" is required because "it is important to separate significant from trivial harms." *Burlington*, 548 U.S. at 68.

Several of the actions identified in the Complaint are not "adverse employment actions." Namely, the letter of warning itself and the lower employment rating. *See Perez v. Brennan*, 766

Fed. App'x. 61, 64 (5th Cir. 2019) (finding a letter identifying instances of misconduct not to be an adverse employment action); *see also Hernandez v. Johnson*, 514 F. App'x. 492, 499 (5th Cir. 2013). Written warnings and unfavorable performance reviews are not adverse employment actions where colorable grounds exist for disciplinary action or where the employee continues to engage in protected activity. *See Jackson v. Honeywell Int'l, Inc.*, 601 Fed.Appx. 280, 286 (5th Cir. 2015).

Additionally, Rodgers entirely fails to allege facts to establish a causal link sufficient to establish a prima facie case. A prima facie showing is established if evidence shows that "the employer's decision [to take adverse action] was based in part on knowledge of the employee's protected activity." *Medina v. Ramsey Steel Co., Inc*., 238 F.3d 674, 684 (5th Cir. 2001). Under these circumstances, the Court finds that Rodgers has also failed to state a claim as a matter of law as to retaliation under either statute.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED, and Rodgers' Complaint is DISMISSED WITH PREJUDICE.

Monroe, Louisiana, this 18th day of February, 2020.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**